IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| U.S. BANK, N.A., a National Banking Association;<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>SIERRA BUILDING PRODUCTS, INC., a Utah corporation; KYLE WELLS, an individual; JASON WELLS, an individual; AND CODY WEBBER, an individual;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE<br><br><br><br><br><br>Case No. 2:11-CV-458 TS |

This matter is before the Court on Plaintiff U.S. Bank, N.A.'s Motion for Summary Judgment on the Defense of Offset Asserted by Defendant Kyle Wells and for the Entry of Final Judgment.[1]  Also before the Court is Plaintiff's Motion to Strike Declaration of Kyle Wells[2] and Defendants Sierra Building Products, Inc. ("Sierra"), Cody Webber, Jason Wells, and Jeremiah

---

[1]Docket No. 18.

[2]Docket No. 25.

1

Wilson's Motion for Joinder in Memorandum in Opposition to U.S. Bank N.A.'s Motion to Strike Declaration of Kyle Wells.[3]  For the reasons discussed more fully below, the Court will grant Plaintiff's Motion for Summary Judgment and Defendants' Motion for Joinder and will deny Plaintiff's Motion to Strike.

## I.  BACKGROUND

This is a breach of contract case brought against Sierra for failure to abide by the terms of a loan agreement.  Defendants Kyle Wells, Jason Wells, Jeremiah Wilson, and Cody Webber are included in the suit for failure to fulfill their obligations as guarantors for Sierra.

On or about August 6, 2008, Sierra entered into a loan agreement with Plaintiff (the "Sierra loan") whereby Plaintiff agreed to loan Sierra $250,000.  On or about the same date, Defendant Kyle Wells ("Defendant Wells") entered into a Continuing Guaranty, pursuant to which he agreed to secure the full payment and performance of any and all obligations owed by Sierra to Plaintiff.[4]  This Continuing Guaranty acted as security to the Sierra loan.  On or about August 26, 2009, Defendants Jason Wells, Jeremiah Wilson, and Cody Webber also entered into Continuing Guaranty agreements whereby each similarly committed to secure the full payment and performance of any and all obligation owed by Sierra to Plaintiff—including the Sierra loan.[5]

---

[3]Docket No. 28.

[4]*See* Docket No. 19 Ex. C.

[5]*See id.* Exs. E, F, G.

Defendant Wells and the other guarantors to the Sierra loan do not dispute that Sierra has defaulted under the terms of the Sierra loan agreement. Indeed, each of the defendant guarantors have stipulated:

> that each Defendant is jointly and severally liable under the Continuing Guaranty agreements signed by each of the above-identified Defendants for the failure of Sierra Building Products, Inc. to make the monthly payments promised under the applicable Loan Agreement, Note, Security Agreement, and Amendment to Loan Agreement and Note. Defendants, Kyle Wells, Jason Wells, Jeremiah Wilson, and Cody Webber further agree that they have each failed to perform as promised under the terms of the Continuing Guaranty agreements. Thus, the only issues reserved for discovery, and possible trial, relate to the measure and amount of damages, or any affirmative defenses raised by the Defendants which would negate, eliminate, or otherwise limit the damages resulting from said Defendants' stipulation set forth above.[6]

Defendant Wells asserts that Plaintiff is not entitled to summary judgment because he has asserted an affirmative defense of offset.[7] According to Defendant Wells, the Court should delay judgment in this case based upon an on-going state court case he is litigating against Plaintiff. In his declaration, Defendant Wells acknowledges that "[t]he facts and circumstances surrounding the [s]tate [c]ourt [a]ction have nothing to do with [Sierra]."[8] Nonetheless, Defendant Wells asserts that he does not believe he owes any amount under the terms of the Continuing Guaranty because the damages he has suffered based on the actions alleged in the state court action are higher than the amounts allegedly owing in this action.

---

[6] Docket No. 16, at 2-3.

[7] In a hail mary attempt to delay judgment, Defendant Wells's co-defendants have sought to join in support of his affirmative defense of offset. *See* Docket Nos. 23, 28.

[8] Docket No. 21, at 4.

Plaintiff does not dispute the existence of the state court action. Instead, Plaintiff argues that the plain language of the Continuing Agreement makes clear that Defendant Wells has waived all rights to assert setoffs or counterclaims. The Continuing Guaranty states, in pertinent part: "The Guarantor expressly waives all rights of setoff and counterclaims, as well as diligence in collection or prosecution, presentment, demand of payment or performance, protest, notice of dishonor, nonpayment or nonperformance of any Obligation."[9]

Plaintiff has provided information pertaining to the entry of final judgment in its favor. Specifically, Plaintiff has provided evidence supporting the amount it alleges is owed under the Sierra loan, including a principal balance of $206,651.67, interest in the amount of $20,022.36, and late fees of $1,022.28. Defendants have not disputed these amounts. Plaintiff has also asserted that interest continues to accrue at an amount of $68.88 per day—a figure similarly undisputed. Plaintiff also alleges that it has expended $13,574.75 in attorneys' fees and $545.00 in costs in seeking to recover on the Sierra loan. Plaintiff has provided a detailed breakdown of its fees and costs. Defendants dispute $200 of Plaintiff's attorneys' fees and Plaintiff has stipulated to reduce its Attorneys' fees by that amount.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[10] In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return

---

[9]Docket No. 19 Ex. C, at 1.

[10]FED. R. CIV. P. 56(a).

a verdict for the nonmoving party in the face of all the evidence presented.[11]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[12]

### III.  DISCUSSION

A.   OFFSET

As outlined above, Plaintiff moves for summary judgment on Defendant Wells's defense of offset on the grounds that Defendant Wells expressly waived any and all right to assert an offset or other counterclaim defense in the Continuing Guaranty agreement.  Defendant Wells contends that the Continuing Guaranty does not bar his affirmative defense of offset and genuine issues of material fact exist as to the validity of his offset defense.

As a preliminary matter, the Continuing Guaranty contains a choice of law provision that provides that it shall be governed by the laws of the state of Utah.[13]  In accordance with the terms of this provision, the Court will apply the laws of the state of Utah in interpreting and applying the Continuing Guaranty.

In Utah, "[c]ontract construction 'begins and ends with the language of the contract.'"[14] "[A]s the Utah Supreme Court recently explained, the interpreting court must first determine

---

[11] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[12] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[13] Docket No. 19 Ex. C, at 2.

[14] *United States v. Dunn*, 557 F.3d 1165, 1172 (10th Cir. 2009) (quoting *Daines v. Vincent*, 190 P.3d 1269, 1277 (Utah 2008)).

whether the contract's language is ambiguous."[15]  "A contract term is ambiguous 'if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies.'"[16]  "This is a question of law for the court to decide without reference to parol evidence."[17]  "When the parties offer opposing interpretations that are reasonably supported by the contract's language, the court should consider extrinsic evidence that supports the parties' interpretations of the contract."[18]  "In contrast, when the contract language is not susceptible to contrary interpretations, the contract is not ambiguous, and its plain meaning should be enforced."[19]

    Here, the parties' dispute centers on section 3 of the Continuing Guaranty.  That section is titled "Waivers" and states in pertinent part: "The Guarantor expressly waives all rights of setoff and counterclaims, as well as diligence in collection or prosecution, presentment, demand of payment or performance, protest, notice of dishonor, nonpayment or nonperformance of any Obligation."[20]

---

[15] *Id*. (citing *Daines*, 190 P.3d at 1275-76).

[16] *Id*. (quoting *Daines*, 190 P.3d at 1275).

[17] *Id*. (citing *Daines*, 190 P.3d at 1276).

[18] *Id*. (citing *Daines*, 190 P.3d at 1275-76).

[19] *Id*. (citing *Daines*, 190 P.3d at 1277).

[20] Docket No. 19 Ex. C, at 1.

Plaintiff asserts that, through this provision, Defendant Wells has waived all rights to offset any recovery in this action against his state court action.[21] Further, Plaintiff argues that this provision provides that Defendant Wells has waived all right to raise counterclaims in this action. Defendant Wells contends that, when read in conjunction with the defined term "Obligation," this clause is limited only to those liabilities and obligations that may exist related to the Sierra loan.[22]

Defendant Wells's interpretation of the Continuing Guaranty waiver provision is not supported by the plain language of the agreement. The waiver provision clearly provides that the guarantor—Defendant Wells—expressly waives all rights of setoff and counterclaims. The provision then states that Defendant Wells also waives various other claims a guarantor may, in the normal course of litigation, pursue against a guarantee or creditor. The mere placement of the defined term "Obligation" at the end of the sentence does not modify Defendant Wells's express waiver to rights of setoff and counterclaims.

---

[21] Under Utah law the term offset is freely interchangeable with, and has the same meaning as, the term setoff. *See Bailey-Allen Co., Inc. v. Kurzet*, 945 P.2d 180, 192 (Utah Ct. App. 1997).

[22] "Obligation" is defined in the Continuing Guaranty as "all loans, drafts, overdrafts, checks, notes and all other debts, liabilities and obligations of every kind owing by the Borrower (Sierra) to the Bank (Plaintiff), whether existing now or in the future, including interest thereon and all costs, expenses and reasonable attorneys' fees (including fees of inside counsel) paid or incurred by the Bank at any time before or after judgment in attempting to collect any of the foregoing or this Guaranty, and to enforce this Guaranty, whether such costs, expenses or fees are incurred before or after commencement of litigation or at trial, on appeal, or in any other proceeding." Docket No. 19 Ex. C, at 1.

In sum, the Court finds that the plain meaning of the Continuing Guaranty waiver provision is unambiguous and bars Defendant Wells, as the guarantor, from raising a setoff defense or other counterclaim. As such, the Court will grant Plaintiff's Motion for Summary Judgment on the Defense of Offset asserted by Defendant Wells.

B.   ENTRY OF FINAL JUDGMENT

Defendant Wells and Defendants Jason Wells, Jeremiah Wilson, and Cody Webber previously stipulated and agreed that each has breached, and is jointly and severally liable under, the Continuing Guaranty agreements. Further, the Court has found, based on the language of the Continuing Guaranty, that Defendant Wells's affirmative defense of offset fails as a matter of law. Thus, the only remaining issue is the measure and amount of damages to which Plaintiff is entitled.

Apart from disputing that damages are altogether not due because of Defendant Wells's right to an offset, Defendants have not raised any other dispute with regard to the damages alleged by Plaintiff.[23]

Plaintiff has presented evidence that, due to the Defendants' breach of the terms of the Sierra loan, it has suffered the following damages: (1) $206,651.67 in unpaid principal loan balance under the Sierra loan; (2) $20,022.36 in unpaid interest on the Sierra loan;[24] (3)

---

[23] As mentioned previously, Defendant Wells does dispute a $200 charge within Plaintiff's alleged attorneys' fees. Plaintiff has stipulated to remove this charge. Therefore the Court will reduce Plaintiff's attorneys' fees award by $200.

[24] As stated previously Plaintiff asserts—and Defendants do not dispute—that interest continues to accrue at an amount of $68.88 per day. Such prejudgment interest will continue through the day judgment is entered.

$1,022.28 for late fees on the Sierra loan; (4) $13,374.75 in attorneys' fees; and (5) $545.00 in costs. As Defendants do not dispute these amounts, the Court will enter judgment in Plaintiff's favor for the amounts provided above.

C.   MOTION TO STRIKE

Plaintiff moves the Court to strike the declaration of Defendant Wells on the grounds that it contains inadmissible parol evidence and is otherwise inadmissible as irrelevant under the Federal Rule of Evidence 401. The parol evidence rule bars the use of extrinsic evidence to vary or add to the terms of a contract where the contract is valid, integrated, and unambiguous.[25]

In the instant case, the majority of Defendant Wells's declaration presents information with regard to his affirmative defense of offset. The Court ultimately found that this defense is precluded under the Continuing Guaranty. However, in opposing summary judgment, Defendant Wells properly provided evidence of the state court action in support of his offset defense. For this reason, the Court finds that Defendant Wells's declaration does not violate the parol evidence rule and is relevant under Federal Rule of Evidence 401.[26] Therefore, the Court will deny Plaintiff's Motion to Strike the declaration of Defendant Wells.

---

[25] *Tangren Family Trust v. Tangren*, 182 P.3d 326, 332 (Utah 2008).

[26] Rule 401 provides that "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment on the Defense of Offset Asserted by Defendant Kyle Wells and for the Entry of Final Judgment (Docket No. 18) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Strike Declaration of Kyle Wells (Docket No. 25) is DENIED.  It is further

ORDERED that Defendants Sierra, Cody Webber, Jason Wells, and Jeremiah Wilson's Motion for Joinder in Memorandum in Opposition to U.S. Bank N.A.'s Motion to Strike Declaration of Kyle Wells (Docket No. 28) is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants pursuant to this Order and to close this case forthwith.

DATED   February 16, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge